## Case No. 913.

### BANK OF THE UNITED STATES v. CRABB.

[2 Cranch, C. C. 299.] [1]

Circuit Court, District of Columbia. April Term, 1822.

NEGOTIABLE INSTRUMENTS—DISCOUNT—USURY.

Taking sixty-four days' discount, upon discounting a note, payable at sixty days, is not usury.

At law. Assumpsit upon a note payable sixty days after date, discounted by the

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

plaintiffs, reserving sixty-four days' discount. Defence, usury.

THE COURT (nem. con.) was of opinion that it was not usury. The argument of counsel was very slight; and after the court intimated its opinion, the defendant withdrew the defence.

## Case No. 914.

### BANK OF THE UNITED STATES v. DANDRIDGE et al.

Circuit Court, E. D. Virginia. 1824.

CORPORATIONS—OFFICERS—APPOINTMENT—EVIDENCE.

[This was an action of debt on an official bond, and was brought by the Bank of the United States against Dandridge as principal, and Carter B. Page, Wilson Allen, James Brown, Jr., Thomas Taylor, Harry Heth, and Andrew Stevenson as sureties. The bond was conditioned to be void if Dandridge should well, truly, and faithfully discharge the duties and trust reposed in him as cashier of the office of discount and deposit of the Bank of the United States at Richmond. The court (by Marshall, Circuit Justice) held that, although the bond was duly executed by the defendants, and Dandridge was appointed and continued as cashier, yet there had been no approval and acceptance of the bond as provided by the charter of the bank, and therefore the defendants were not bound thereby. The court also excluded evidence offered to prove the acceptance of the bond, on the ground that the record of the proceedings of the board of directors, or a copy of it, showing the assent of the directors to the bond, was necessary, and if such assent had not been entered on the records the bond was void. This was not because the record was primary evidence, which the plaintiff had it in his power to produce, but rather because a corporation aggregate can act only by writing, or by its duly-appointed officers, and such officers could be appointed only by writing.]

[Cited in Bank of U. S. v. Brent, Case No. 910.]

[NOTE. The foregoing statement of the facts and decision was taken from the report of the case as determined by the supreme court. Bank of U. S. v. Dandridge, 12 Wheat. (25 U. S.) 64. See the dissenting opinion of Mr. Chief Justice Marshall. The opinion of the circuit court is nowhere reported, and is not now accessible.

[On writ of error the judgment of the circuit court was reversed by the supreme court (Mr. Justice Story delivering the opinion) on the ground that the acts of artificial persons afford the same presumptions as the acts of natural persons. "If a person acts notoriously as cashier of a bank, and is recognized by the directors or by the corporation as an existing officer, a regular appointment will be presumed; and his acts as cashier will bind the corporation, although no written proof is or can be adduced of his appointment." Mr Chief Justice Marshall delivered a dissenting opinion, giving the reasons for the decision below. Bank of U. S. v. Dandridge, 12 Wheat. (25 U. S.) 64.]